IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MARTIN and MARY MARTIN, | Civil Action No.: 11 C 8220 |
| Plaintiffs, | Suzanne B. Conlon, Judge |
| v. | |
| BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS, INC.; and GUARANTEED RATE, INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

John and Mary Martin sue Bank of America, N.A. ("BOA") and Countrywide Home Loans, Inc. ("Countrywide") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I), quiet title (Count II), and unjust enrichment (Count III). They allege BOA deceptively poses as the servicer and owner of their mortgage in violation of the FDCPA, has clouded title to their property, and was unjustly enriched by collecting and retaining the Martins' mortgage payments. They seek actual, statutory, and punitive damages and an injunction preventing BOA from collecting mortgage payments. They also seek restitution and a declaratory judgment that Countrywide holds the note and owns the mortgage and that BOA has no interest in their property, mortgage, and note.

## BACKGROUND

Northern District of Illinois Local Rule 56.1 governs the procedure for summary judgment motions. It requires parties moving for summary judgment to file a statement of undisputed material facts showing they are entitled to judgment as a matter of law. L.R.

56.1(a)(3). A party opposing summary judgment must file a concise response admitting or denying each of the movant's stated facts. *Id.* 56.1(b)(3). If the non-movant disagrees with any fact, it must cite affidavits, parts of the record, or other supporting materials to show that a genuine dispute of material fact exists. *Id.* 56.1(b)(3)(B). Additional facts requiring denial of summary judgment must be set forth separately and specifically identify supporting affidavits, parts of the record, or other materials. *Id.* 56.1(b)(3)(C). Strict compliance with the local rules may be required. *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). The court's analysis is limited to evidence properly cited and supported in the parties' statements of fact; affidavit evidence and facts contained in the parties' briefs must be disregarded when a party fails to comply with the local rules. *See Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003); *Bordelon*, 233 F.3d at 529.

Defendants filed a statement of material facts with their summary judgment motion as required. Plaintiffs have not complied with the local rules, however. They did not file a response to defendants' Rule 56.1 statement of facts or a statement of additional facts. Their brief opposing defendants' summary judgment motion contains a section titled "Undisputed Facts" but does not specifically identify which of defendants' facts are undisputed. Similarly, plaintiffs do not specifically identify in the "Disputed Facts" section of their brief which of defendants' asserted facts they dispute. Moreover, their opposition brief improperly cites directly to the affidavit of Teri Petit rather than to a statement of facts. Accordingly, the court disregards the Petit affidavit and the facts asserted in plaintiffs' opposition brief. The facts asserted in defendants' Rule 56.1 statement are taken as true and considered undisputed for the purpose of resolving defendants' motion. Fed. R. Civ. P. 56(e)(2).

On September 21, 2006, Guaranteed Rate, Inc., as lender, issued a loan in the amount of $315,000 to John Martin to finance the purchase of a home located at 1320 N. Columbine Drive in Mount Prospect, Illinois. Defs. SOF ¶¶ 1, 7; Affidavit of Tabasum Habib ("Habib Aff.") Ex. B, Note. Martin's note is transferrable. Guaranteed Rate, as lender, or any entity taking the note by transfer, is the "Note Holder." Habib Aff. Ex. B, Note at 1. The Martins also signed a mortgage for the property on September 21, 2006. Defs. SOF ¶ 8; Habib Aff. Ex. A, Mortgage. Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Guaranteed Rate and its successors and assigns, is listed as the original mortgagee. Defs. SOF ¶ 9; Habib Aff. Ex. A, Mortgage at 1. Under the terms of the mortgage, MERS or its successors and assigns holds legal title to the interest in the property the Martins pledged as security to Guaranteed Rate and can take any action required of Guaranteed Rate or its successors and assigns. Habib Aff. Ex. A, Mortgage at 2-3.

Guaranteed Rate did not retain the Martins' note. It endorsed the note to Countrywide Bank, N.A. ("Countrywide Bank"), which endorsed the note to Countrywide. Defs. SOF ¶ 10; Habib Aff. Ex. B, Note at 3 & Endorsement Allonge. Countrywide endorsed the note in blank. Defs. SOF ¶ 10; Habib Aff. Ex. B, Note at 3. Countrywide delegated loan servicing responsibilities for the note to Countrywide Home Loans Servicing L.P. ("Countrywide Servicing"). Defs. SOF ¶¶ 12-13; Habib Aff. Ex. D, Subservicing Agreement art. 2.1. Countryside Servicing's duties included collecting payments on each mortgage loan Countrywide serviced, accounting for payments received, and remitting amounts due to the owner of the mortgage loan on a monthly basis. Habib Aff. Ex. D, Subservicing Agreement arts. 2.2(a), 2.3(a). Countrywide Servicing was authorized to foreclose defaulted mortgage loans. *Id.* art.

2.7.

On July 2, 2008, as part of the transaction by which BOA acquired Countrywide Financial Corporation, BOA obtained ownership of Countrywide Servicing. Defs. SOF ¶ 14; Am. Comp. Ex. C, Form 8-K at 5. Countrywide Servicing changed its name to BAC Home Loans Servicing, L.P. ("BAC Servicing") in April 2009. Defs. SOF ¶ 15; Habib Aff. Ex. E, Cert. of Amendment. BAC Servicing merged into BOA in July 2011. Defs. SOF ¶ 17; Habib Aff. Ex. F, OCC Certification. According to the subservicing agreement, any entity into which Countrywide Servicing was merged or consolidated became its successor without further action. Habib Aff. Ex. D, Subservicing Agreement art. 6.2. On February 24, 2012, MERS assigned the Martins' mortgage to BOA. Defs. SOF ¶ 11; Habib Aff. Ex. C, Assignment. Chester Levings executed the assignment as "Assistant Secretary" of MERS. Habib Aff. Ex. C, Assignment.

BOA began representing it had servicing rights regarding the Martins' note in October 2008. Am. Compl. ¶ 15. The Martins subsequently submitted their mortgage payments to BOA. *Id.* In December 2010, BAC Servicing sent the Martins a letter stating the note was in default. *Id.* ¶ 17, Ex. F, Notice of Intent to Accelerate.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment will be granted to defendants only if their motion and the facts considered undisputed show they are entitled to it as a matter of law. Fed. R. Civ. P. 56(a), (e)(3); *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Defendants bear the initial burden of showing the basis for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiffs must then present specific evidence showing a genuine issue of

material fact for trial. *Id.* at 324. A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in plaintiffs' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable inferences are drawn in plaintiffs' favor, but courts need not draw every conceivable inference from the record. *Hannemann v. S. Door Cnty. Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). Speculation, conjecture, and mere disagreement with the movant's asserted facts are insufficient to overcome summary judgment. *Lewis v. Mills*, 677 F.3d 324, 331 (7th Cir. 2012); *Smith*, 321 F.3d at 683.

## II. Count I - FDCPA Violation

The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692(a), (e). The Martins allege BOA violated the FDCPA by knowingly and intentionally representing in communications with the Martins that it was the true servicer of the note and mortgage and had authority to foreclose on the note. Defendants argue summary judgment should be granted to Countrywide because the Martins claim FDCPA violations by BOA only and seek relief solely from BOA. They argue BOA is entitled to summary judgment because it was authorized to service the mortgage and collect payments from plaintiffs. They argue the FDCPA does not apply to BOA because BOA and its predecessor began servicing the note *before* the date of default.

The Martins' response relates only to BOA. As an initial matter, their failure to address defendants' argument regarding Countrywide entitles Countrywide to summary judgment on the FDCPA claim. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (arguments not presented to district court in summary judgment response are waived). The Martins contend BOA is liable because it was not collecting on its own debt as a creditor but

5

collecting on a debt owed to another entity with which BOA had no privity of contract.

The FDCPA is broad in scope, but certain entities are not "debt collectors" subject to its reach. An entity collecting or attempting to collect debts owed or asserted to be owed to another is not a "debt collector" if the debt was not in default when the entity obtained it. 15 U.S.C. § 1692a(6)(F)(iii). A mortgage servicer that begins servicing a loan before default occurs falls within this exception. *Brown v. Morris*, 243 F. App'x 31, 34-35 (5th Cir. 2007) (company that obtained mortgage by merger when mortgage was not in default was not "debt collector"); *Crawford v. Countrywide Home Loans, Inc.*, Nos. 3:09CV247-PPS-CAN, 3:09CV295-PPS-CAN, 2011 WL 3875642, at *8 (N.D. Ind. Aug. 31, 2011) (Simon, J.); *Connor v. Aurora Loan Servs., LLC*, No. 09 C 5900, 2010 WL 2635229, at *2 (N.D. Ill. June 28, 2010) (Darrah, J.); S. Rep. No. 95-382, at 3-4 (1977). Nor is an entity that collects debts for a subsidiary or corporate affiliate a "debt collector" if it collects debts only for related entities and its principal business is not debt collection. 15 U.S.C. § 1692a(6)(B); S. Rep. No. 95-382, at 3 (1977).

BOA is not a "debt collector" within the meaning of the FDCPA. BOA acquired ownership of Countrywide Servicing in July 2008. It began collecting mortgage payments from the Martins in October 2008. The note was not in default at that time. The first indication of default appears over two years later, in the letter plaintiffs received from BAC Servicing in December 2010. Am. Compl. Ex. F, Notice of Intent to Accelerate. Further, BOA's principal business is banking, not debt collection. *See* Defs. SOF ¶ 2; Habib Aff. ¶ 6. To the extent BOA engaged in debt collection, its efforts were made on behalf of its subsidiary, Countrywide Servicing, later renamed BAC Servicing. No evidence suggests BOA regularly engages in debt collection for non-related entities. Moreover, the principal business of Countrywide Servicing,

later named BAC Servicing, was mortgage loan servicing; its debt collection activity was incidental to that business. *See* Defs. SOF ¶ 12; Habib Aff. Ex. D, Subservicing Agreement at 1 ("[Countrywide Servicing] is in the business of servicing residential mortgage loans."). Because BOA is not a "debt collector," the FDCPA is inapplicable to BOA. BOA is entitled to summary judgment on Count I.

### III.  Count II - Quiet Title

The Martins allege BOA is not the mortgagee or servicer of their mortgage. They claim BOA has clouded title to their property by falsely representing it has the authority to collect mortgage payments and foreclose on the note. Defendants argue Countrywide is entitled to summary judgment because the Martins' allegations and requested relief are directed only to BOA, not Countrywide. They argue BOA is not falsely clouding plaintiffs' title because MERS assigned BOA the mortgage in February 2012. Thus, BOA has authority to enforce the terms of the mortgage and is entitled to all rights and remedies available under the mortgage.

The Martins respond that Countrywide is properly joined to the quiet title claim. They argue that Countrywide's interest in the note and mortgage, while defunct, has not been released and Countrywide's presence is needed to properly adjudicate their claim. Regarding BOA, the Martins argue the assignment does not show BOA was the owner and holder of the note and mortgage in October 2008, when BOA began sending them monthly statements. The Martins claim the assignment is a forgery executed solely to bolster BOA's defense in this litigation. Specifically, they assert that the assignment is not from MERS and that Chester Levings, who signed the assignment, is a BOA employee. The Martins contend MERS is not a "holder" and BOA is not a "holder in due course" because the note is not a negotiable instrument.

Quiet title is an equitable claim by which a party seeks to remove a cloud on its title to property. *Ill. Dist. of Am. Turners, Inc. v. Rieger*, 770 N.E.2d 232, 239 (Ill. App. Ct. 2002). A "cloud" is a semblance of title that is unfounded. *Id.* A valid interest in property cannot cloud title. *Id.* Thus, a claim for quiet title requires the Martins to establish title superior to that of defendants. *Dudley v. Neteler*, 924 N.E.2d 1023, 1026 (Ill. App. Ct. 2009).

Countrywide is a proper party to the quiet title claim because it had or may have had a substantial interest in the property. *See Rush v. Hubbart*, 65 N.E.2d 681, 685 (Ill. 1946); *Lakeview Trust & Sav. Bank v. Estrada*, 480 N.E.2d 1312, 1327 (Ill. App. Ct. 1985). Nonetheless, the Martins' claim fails as a matter of law. Mortgages are negotiable instruments. *Affronti v. Bodine*, 508 N.E.2d 500, 502 (Ill. App. Ct. 1987). Defendants submitted a copy of the note endorsed from Guaranteed Rate to Countrywide Bank, from Countrywide Bank to Countrywide, and from Countrywide in blank. Defs. SOF ¶ 10; Habib Aff. Ex. B, Note at 3 & Endorsement Allonge. Under Illinois law, an instrument endorsed in blank is payable to the bearer and may be negotiated by transfer. *See* 810 ILCS 5/3-205(b); 810 ILCS 5/9-313(a). These provisions apply to mortgage loans. *Quarles v. JPMorgan Chase Bank, N.A.*, No. 11-cv-08582, 2012 WL 3890134, at *2 (N.D. Ill. Sept. 7, 2012) (Coleman, J.). Defendants also submitted a copy of the assignment transferring the mortgage from MERS to BOA. Habib Aff. Ex. C. BOA, which currently holds the note endorsed in blank and was assigned the mortgage, has a valid interest in the Martins' property and is entitled to receive payments on their note.

The Martins claim the note was sold to Freddie Mac shortly after origination and was secured as part of the Freddie Mac 2007 Trust. They provide an affidavit describing Guaranteed Rate's and Freddie Mac's business practices and a screenshot from Freddie Mac's

mortgage registration web site indicating Freddie Mac purchased the note in November 2006. Petit Aff. ¶¶ 6(C)-(E). The court disregards the Petit affidavit because the Martins failed to comply with the local rules. Even if the affidavit were considered, it does not raise a dispute of material fact. Affidavits used to oppose summary judgment must be based on personal knowledge, contain admissible facts, and show the affiant is able to provide competent testimony on the matters stated. *See* Fed. R. Civ. P. 56(c)(4). The screenshot is inadmissible hearsay that the Martins attempt to introduce for the truth of the matter asserted—that Freddie Mac owned the mortgage. Fed. R. Evid. 801(c); *Anderson v. Credit Bureau Collection Servs., Inc.*, 422 F. App'x 534, 538 (7th Cir. 2011). Petit, who works for the Martins' counsel, does not have personal knowledge of Guaranteed Rate's and Freddie Mac's business practices, nor is she qualified to testify competently about Freddie Mac's mortgage registration system or vouch for its use. *Anderson*, 422 F. App'x at 538.

The Martins' challenges to the authenticity of the note endorsements and mortgage assignment also fail. Their assertion that Levings was an employee of BOA and not authorized to sign the assignment on behalf of MERS is made "on information and belief." Pls.' Resp. at 5, 7; Petit Aff. ¶ 6(H). Statements made on information and belief do not raise a dispute of material fact. *Toro Co. v. Krouse, Kern & Co.*, 827 F.2d 155, 162-63 (7th Cir. 1987). The Martins proffer no evidence establishing forgery or fraud, although they could have deposed Chester Levings or the bank officers whose signatures appear on the endorsements regarding the documents' authenticity. *See Gambino v. Boulevard Mortg. Corp.*, 922 N.E.2d 380, 411-13 (Ill. App. Ct. 2009). Mere speculation that the endorsements and assignment are fraudulent is insufficient to overcome summary judgment. *Lewis*, 677 F.3d at 331.

Finally, the quiet title claim lacks merit because the Martins have not demonstrated their ability to tender full payment on the note. *See Stoffela v. Nugent*, 217 U.S. 499, 501 (1910) (purchaser of mortgaged property is not entitled to have title quieted as against mortgagee without paying mortgage debt); *Arriaga v. Wells Fargo Bank, N.A.*, No. 09 C 2115, 2011 WL 4738522, at *11 (N.D. Ill. Sept. 30, 2011) (Norgle, J.) (quiet title claim lacked merit absent plaintiffs' meaningful ability to tender their indebtedness).

## IV. Count III - Unjust Enrichment

The Martins allege BOA unjustly collected and retained the proceeds of their mortgage payments without reducing the mortgage balance. Defendants argue Countrywide is entitled to summary judgment on the unjust enrichment claim because the Martins' allegations and requested relief are directed only to BOA. They contend BOA is entitled to summary judgment because it acted within its capacity as an authorized loan servicer in collecting payments from plaintiffs and applying those payments to reduce the Martins' debt. The Martins respond that BOA's assertion that it is the owner of the note and assignee of the mortgage is "unsupported" and "remains a genuine issue of material fact." Pls.' Resp. at 10-11. They do not address defendants' argument that Countrywide is entitled to summary judgment. As with the FDCPA claim, the failure to respond to Countrywide's argument entitles Countrywide to summary judgment on the unjust enrichment claim. *See Laborers' Int'l Union*, 197 F.3d at 1197.

The Martins' claim for unjust enrichment against BOA fails. Unjust enrichment is an equitable theory of recovery. The Martins must show defendants received a benefit to their detriment that defendants should not be allowed to keep. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). The undisputed evidence shows BOA

acquired Countrywide Servicing, which subsequently became BAC Servicing, and was authorized to collect mortgage payments from the Martins pursuant to the subservicing agreement. BOA also holds the note endorsed in blank by Countrywide and the mortgage. The Martins have failed to present evidence creating a dispute of material fact that BOA was not authorized to collect payments from them. Nor does the evidence show BOA improperly retained the Martins' mortgage payments without reducing the debt principal. The subservicing agreement requires Countrywide Servicing and its successors to make a full accounting and remit payments to the owner of the note. The Martins fail to submit any evidence showing this was not done. Because a reasonable jury could not find in favor of the Martins based on the record, summary judgment is granted to BOA as to Count III.

## CONCLUSION

Defendants submit undisputed evidence showing they were authorized to collect mortgage payments from the Martins and that BOA holds their note and mortgage. The Martins have not raised a genuine dispute of material fact in response. Accordingly, summary judgment is granted to BOA and Countrywide on all claims.

ENTER:

October 30, 2012

Suzanne B. Conlon
United States District Judge